UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION


FILED
AUG 14 2019
CLERK

| | |
|---|---|
| JORGE VASQUEZ HERRERA,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:19-CV-01005-CBK<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:

Petitioner filed a motion for reduction of sentence pursuant to the First Step Act of 2018 amendments to 18 U.S.C. § 3582(c). Petitioner's motion is in the nature of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner was ordered to supplement his motion to set forth information showing that he has exhausted his administrative remedies concerning his request to be placed in a halfway house or home confinement for the maximum period allowed prior to the expiration of his sentence. Following receipt of supplemental information from petitioner, the Court granted the government's motion to dismiss for failure to exhaust administrative remedies. A judgement was entered denying the petition for a writ of habeas corpus. Petitioner has filed a notice of appeal.

Pursuant to 28 U.S.C. § 2253(c)(1), an appeal from an order dismissing a petition for a writ of habeas corpus may not be taken unless a judge issues a certificate of appealability. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a

> valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. This construction gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying constitutional claims and is in conformity with the meaning of the "substantial showing" standard . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000) (emphasis supplied). Petitioner did not and has not made a substantial showing that jurists of reason would find it debatable whether the petition was correctly dismissed.

IT IS HEREBY CERTIFIED that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's petition for a writ of habeas corpus. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 13th day of August, 2019.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

2